**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**TAMYRA JO SMITH,**
**Petitioner,**

**v.** **Case No. 26-CV-1114**

**KRISTEN PAWLAK,**
**Respondent.**

---

## ORDER

---

Tamyra Jo Smith filed a petition for a writ of habeas corpus. On August 18, 2026, the respondent moved to dismiss the petition. (ECF No. 8.) Smith had 45 days to respond to the motion. (ECF No. 4 at 3.) Smith has failed to respond.

The respondent argues that Smith's claim—that the court improperly applied her sentence credit to the extended supervision portion of her sentence (ECF No. 1 at 6-7)—is not cognizable, untimely, and procedurally defaulted. (ECF No. 9 at 1.)

"Federal habeas relief is only available to a person in custody in violation of the United States Constitution or laws or treaties of the United States, *see* 28 U.S.C. § 2254(a), and is unavailable to remedy errors of state law." *Dellinger v. Bowen*, 301 F.3d 758, 764 (7th Cir. 2002) (citing *Estelle v. McGuire*, 502 U.S. 62, 67-68, 116 L. Ed. 2d 385, 112 S. Ct. 475 (1991)). "Whether and how a defendant is to receive sentence credit for time spent in custody prior to conviction is a matter of state law." *Musgraves v. Kemper*, No. 20-CV-337, 2020 U.S. Dist. LEXIS 172482, at *3-4 (E.D. Wis. Sep. 18, 2020) (citing *Dellinger*, 301 F.3d at 764; *Weiss v. Bartow*, No. 17-C-874, 2018 U.S.

Dist. LEXIS 80428, at *8 (E.D. Wis. May 12, 2018); *Anderson v. Benik*, No. 04-C-831-C, 2005 U.S. Dist. LEXIS 49871, at *7-8 (W.D. Wis. Mar. 24, 2005)).

Because Smith's claim implicates state rather than federal law, she has failed to show that she "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Accordingly, the respondent's motion to dismiss (ECF No. 8) is **GRANTED**. Smith's petition and this action are **DISMISSED** with prejudice. The Clerk shall enter judgment accordingly.

Finally, pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 Proceedings, and 28 U.S.C. § 2253(c), the court must consider whether to grant the petitioner a certificate of appealability. Because the court is dismissing the petition on procedural grounds, a certificate of appealability is appropriate only if reasonable jurists would find it "debatable whether the petition states a valid claim of the denial of a constitutional right" and it is "debatable whether [this court] was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The court finds that reasonable jurists could not find this court's decision to be debatable, and therefore the court will **DENY** a certificate of appealability. *See Musgraves*, 2020 U.S. Dist. LEXIS 172482, at *6.

**SO ORDERED.**

Dated at Green Bay, Wisconsin this 6th day of November, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge